| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:09-1030 |
| | ) | |
| KAREN LIANE MILLER, | ) | Judge Trauger |
| | ) | |
| Defendant. | ) | |

# AMENDED ORDER GRANTING UNITED STATES' MOTION
# FOR PRELIMINARY INJUNCTION

Upon motion by Plaintiff, United States of America, the Court makes the following findings of fact and conclusions of law and enters this preliminary injunction.

## Standards for Preliminary Injunction

In order to obtain a preliminary injunction prohibiting Karen Liane Miller ("Miller") from acting as an income tax return preparer pursuant to 26 U.S.C. (Internal Revenue Code, I.R.C., or the "Code") § 7407, the United States must show a likelihood of success on the merits that (1) Miller engaged in conduct subject to penalty under Code §§ 6694 or 6695 or engaged in fraudulent or deceptive conduct that substantially interfered with the proper administration of internal revenue laws; (2) injunctive relief is appropriate to prevent recurrence of such conduct; and (3) Miller continually and repeatedly engaged in conduct described in (1) above and a more limited injunction of such conduct would not be sufficient to prevent interference with the proper administration of internal revenue laws.

In order to obtain a preliminary injunction pursuant to Code § 7408 the United States must show a likelihood of success on the merits that (1) Miller engaged in conduct subject to penalty under Code §§ 6700 and/or 6701; and (2) injunctive relief is appropriate to prevent the recurrence of such conduct.

In order to obtain a preliminary injunction pursuant to Code § 7402, the United States must show a likelihood of success on the merits that an injunction is necessary or appropriate for the enforcement of the internal revenue laws.

**Findings of Fact**

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General under 26 U.S.C. §§ 7402, 7407, and 7408.

2. Miller is a resident of Nashville, Tennessee.

3. Miller prepares tax returns for compensation.

4. Miller used an Electronic Filing Identification Number ("EFIN") to electronically file tax returns for her customers.

5. In 2009, Miller prepared and filed numerous fraudulent tax returns (Form 1040) for the tax year 2008 and fraudulent amended tax returns (Forms 1040X) for previous years, and prepared and filed with the IRS other frivolous documents on behalf of others in exchange for compensation.

6. Miller has also been listed as a third party designee, or as having power of attorney with respect to certain of her customers, on numerous income tax returns filed since 2007.

7. Miller promotes a tax-fraud scheme that involves filing fraudulent tax returns and other frivolous documents with the IRS on behalf of her customers. She both prepares tax returns for customers, and in other cases identifies herself as a customer's designee before the IRS.

8. The returns Miller prepares for others falsely state large amounts of taxable interest income and equivalent amounts of federal tax withholding. Tax is reported on the returns Miller prepares, but the false tax withholding falsely reported to the IRS on her customers' returns results in huge and fraudulent refund claims on her customers' Form 1040 tax returns in amounts sometimes in the millions of dollars.

9. Before the IRS was sufficiently aware of the magnitude of Miller's scheme to take necessary precautions, the IRS erroneously issued $1,176,629 in refunds to Miller's customers. Many of the refund requests on these fraudulent returns exceeded $200,000, and one return prepared and filed by Miller requested a refund of $1,021,616. Miller herself asked for a refund in her own 2005 amended income tax return (filed in November 2008) of $2,958,762.

10. In support of the fraudulent refund claim, Miller prepares and files with the IRS false Schedule B statements reporting interest earned by her customers. She then reports the same figure as tax withheld. Such withholding or interest earned would, in theory, usually be reported on, and corroborated by, a Form 1099-OID received by the taxpayer and later filed by the taxpayer or his tax preparer. Miller has frequently not filed Forms 1099-OID for her customers to back up the claims in the tax returns she prepares, choosing instead simply to report income that would otherwise be reflected in such a document.

11. Certain utterly false tax defier contentions about the proper utilization of Forms 1099-OID are the basis for Miller's scheme. IRS Forms 1099-OID are used to report Original Issue

Discount (OID) income (and any federal income tax withheld on that income). OID income is a reportable form of taxable interest based upon the difference between the maturity and issuance price of a debt instrument. OID is generally included in a taxpayer's income as it accrues over the term of the debt instrument, whether or not the taxpayer actually receives payments from the issuer of the debt instrument. OID is treated like a payment of interest and a party issuing a financial instrument generating OID must issue a Form 1099-OID.

12. By reporting in her customers' tax returns these large interest sums, the returns prepared by Miller make overlapping false representations. First, the returns prepared by Miller (as well as those listing her as third party designee or power of attorney) falsely report the existence of OID income with respect to the customer. Second, such returns also falsely report that federal income taxes were withheld for the full amount of OID purportedly paid or received by her customer, when there is no independent verification or proof that this in fact occurred - on the contrary, there is substantial evidence that it did not.

13. This scheme is based upon the purported existence of IRS Forms 1099-OID issued by Miller's customers to their creditors - usually a credit card company, mortgage company, or other large bank or financial institution. The amount of the false "original issue discount" reported is typically equivalent to the amount of debt owed by the customer to the creditor. The returns Miller prepares rely on this general concept to report tax withholding for the full amount of the phony "original issue discount."

14. This fraudulent use of Forms 1099-OID, or fraudulent reporting of nonexistent OID income, is itself based upon the tax defier theory of "commercial redemption" or "redemption." This theory frivolously contends that all taxpayers have a secret account with the Treasury

- 4 -

Case 3:09-cv-01030 Document 20 Filed 11/23/09 Page 4 of 16 PageID #: 270

Department. Issuance of a Form 1099-OID to a taxpayer's creditor, proponents of this scheme assert, permits access to these accounts, enabling the creditor to receive full payment for the amount of the indebtedness.

15. Through the above, Miller claims on her customers' IRS Form 1040 the total amount of the false "original issue discount" as both interest income and false withholding. This results in increased tax liability for the customer, but (because of the parallel false withholding claims) produces a huge false refund claim dwarfing the reported amount of taxes owed. Through this scheme, nonexistent withheld taxes reported in the returns prepared and filed by Miller result in massive claimed refunds.

16. The magnitude of the refunds that Miller claims through this theory is astonishing and frequently exceeds $200,000 in spite of a customer's modest demonstrable income. The total amount of refunds fraudulently requested in the 41 income tax returns prepared and filed by Miller in 2009 and reviewed by the IRS to date exceeds $8.3 million.

17. The result of Miller's scheme is that her customers fail to file proper federal income tax returns and falsely claim tax refunds to which they are in fact not entitled.

18. The returns that Miller submits on behalf of her customers falsely claim that the relevant taxpayer/customer had large amounts of withheld tax, based on fraudulent or nonexistent Forms 1099-OID. The amounts are in fact simply the sum total amount of debt the customer owes to creditors.

19. For example, Miller prepared and transmitted a 2008 income tax return for Kraig A. and Barbara Kranz of Eden Prairie, Minnesota. The Kranzes' return that Miller prepared reported taxable interest income of $1,527,741, despite the Kranzes' reported actual income of $17,813. The

Kranzes' return also reported $1,527,169 in withholding (only $572 less than the amount claimed as taxable interest income). As a result, the Kranzes' tax return as prepared by Miller reported taxes of approximately $500,000 but requested a refund of $1,021,616.

20. The Schedule B appended to the Kranzes' income tax return listed eight sources of taxable interest income, but the sums set forth on that form simply tallied the indebtedness of the Kranzes to their creditors. The lenders and other third parties who were purportedly paying these sums to these taxpayers in fact reported to the IRS that the Kranzes were paying far more modest interest to them - not the other way around. Thus, the return prepared forMr. and Mrs. Kranz by Miller claimed they had earned from EMC Mortgage $586,236 in interest income, whereas EMC Mortgage reported to the IRS merely that the taxpayers had themselves paid $32,533 in mortgage interest. Similarly, the Kranzes' Schedule B claims that they received nearly $400,000 in taxable interest income from Aurora Loan Services, which presumably would be corroborated by a Form 1099-OID; but in fact Aurora Loan Services reported to the IRS only that the taxpayers had themselves paid less than $8,000 in mortgage interest. The refund claimed in the Kranzes' return prepared by Miller is thus fraudulent.

21. Miller also prepared a 2008 income tax return for Keith N. Jackson of Orlando, Florida using the same 1099-OID-based methodology. That return reflected taxable interest income of $1,466,907 which, when added to the business income he claimed, resulted in a tax liability of $507,327. However, because Jackson's return also reported federal income tax withholding of $1,466,791, his return as prepared by Miller claimed an entitlement to refund of $959,464. Jackson's Schedule B reported taxable interest income received from 15 different lenders or credit

card companies - none of which themselves had filed Forms 1099-OID confirming that such interest was earned by or paid to Jackson.

22. In February 2009, Miller prepared and electronically filed a Form 1040 (2008) for Nellie K. Hartsoe of West Columbia, South Carolina. On that tax return, Miller falsely claimed that Hartsoe had earned interest income of $525,562 from Countrywide Bank ($127,800), Citifinancial Inc. ($10,000), State Credit Union ($24,400), HFC Subsidiaries ($153,545), Ascent Home Loans Inc. ($127,800), and Wachovia Bank ($82,017). Additionally, Miller falsely claimed that Hartsoe had income tax withholding of $526,190, even through the IRS could only independently corroborate withholding in the amount of $663. With these false income and withholding figures, Miller fraudulently claimed for Hartsoe an overstated refund of $354,947, which was erroneously issued and wired into Hartsoe's checking account.

23. During the same period, Miller prepared and electronically filed a Form 1040 (2008) for Clifford L. and Phyllis P. Holyfield of Lakeland, Florida. On that tax return, Miller falsely claimed that the Holyfields had earned OID income of $525,562 from a variety of lenders, including but not limited to Washington Mutual ($202,500), Long Beach Mortgage Company ($202,500), and Wells Fargo Educational Financial Services ($15,100). Additionally, Miller falsely claimed that the Holyfields had income tax withholding of $427,319, even though the sole attached Form W-2 showed withholding of only $7,234. Based on the above, Miller fraudulently claimed for the Holyfields an overstated refund of $294,681, which the Holyfields also received.

24. Vincent French retained Miller to prepare and file his 2008 income tax return, and she did so in February 2009. Miller attempted to explain to French the theories underlying her ability to obtain large refunds for her customers, although French did not fully understand them, and

simply assumed Miller was not only honest but had a legal basis for her tax preparation methodologies. French subsequently received a refund of $67,709, which the IRS quickly recovered once it became aware of Miller's misconduct.

25. Miller has herself corresponded with the IRS in connection with the filing of her own income tax return, and in so doing indicated her view that her practices (and, in particular, belief in the secret Treasury accounts) are legitimate. She is therefore fully aware of what she is doing.

26. The scheme employed by Miller is part of a growing trend among tax defiers nationwide to file frivolous tax returns and Forms 1099-OID with the IRS and courts in an attempt to escape their federal tax obligations and steal from the U.S. Treasury.

27. In reliance on Miller's services, her customers have failed to file proper federal income tax returns which has either deprived her customers of proper tax refunds to which they may have been entitled or deprived the United States of additional tax revenue owed by their customers.

28. While the IRS is able to detect and stop most fraudulent OID refund claims, Miller's fraudulent tax return preparation has resulted in the IRS's issuance of at least $1,176,629 in erroneous refund payments to her customers.

29. In addition to the lost revenue due to the issuance of erroneous refunds, the Government has also incurred the expense of conducting the investigation of Miller's fraudulent return preparation and responding to and processing the frivolous documents Miller submitted to the IRS.

## Conclusions of Law

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1340 and 1345 and 26 U.S.C. §§ 7402(a), 7407, and 7408.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. Internal Revenue Code § 7407 authorizes the United States to seek an injunction against any tax return preparer who has engaged in any "fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws," or who has "engaged in any conduct subject to penalty under section 6694 or 6695."

4. If a return preparer's misconduct is continual or repeated and the court finds that a narrower injunction (*i.e.* prohibiting specific enumerated conduct) would not be sufficient to prevent the preparer's interference with the proper administration of federal tax laws, the court may enjoin the person from further acting as a return preparer.

5. Miller has continually and repeatedly prepared and filed with the IRS false and frivolous federal income tax returns on behalf of her customers.

6. As a result Miller has repeatedly engaged in fraudulent or deceptive conduct which substantially interferes with the proper administration of the Internal Revenue laws.

7. Miller has repeatedly and continually prepared and filed federal tax returns that understate her customers' tax liabilities as a result of unreasonable and frivolous claims and has thus engaged in conduct subject to penalty under 26 U.S.C. § 6694.

8. Miller has repeatedly and continually prepared and filed federal tax returns that understate her customers' tax liabilities as a result of Miller's willful attempt to understate her

- 9 -

Case 3:09-cv-01030  Document 20  Filed 11/23/09  Page 9 of 16 PageID #: 275

customers' tax liabilities and/or Miller's reckless and/or intentional disregard of internal revenue laws and regulations.

9. Injunctive relief is appropriate to prevent this misconduct because, absent an injunction, Miller is likely to continue to prepare false federal income tax returns and engage in other misconduct of the type described in this complaint.

10. Miller has continually and repeatedly prepared returns that include fraudulent refund claims and a preliminary injunction barring her from acting as a federal tax return preparer is necessary and appropriate to prevent her from interfering with the proper administration of the tax laws..

11. Section 7408, I.R.C., authorizes a district court to enjoin any person from, *inter alia*, engaging in conduct subject to penalty under I.R.C. § 6700 or 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

12. Section 6700 imposes a penalty on any person who organizes or participates in the sale of a plan or arrangement and in so doing makes a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any tax benefit by participating in the plan or arrangement which that person knows or has reason to know is false or fraudulent as to any material matter.

13. In 2009, Miller organized and participated in the sale of a plan or arrangement and in doing so made false and fraudulent statements with respect to the tax benefits of participating in the plan or arrangement which Miller knew or had reason to know were false.

14. Miller falsely promised her customers that she could obtain larger tax refunds from the Government. Miller knew or had reason to know that the tax refunds she promised were falsely predicated on the fraudulent redemption/OID scheme.

15. As a result Miller engaged in conduct subject to penalty under 26 U.S.C. § 6700.

16. Section 6701 imposes a penalty on any person who aids or assists in, procures, or advises with respect to, the preparation of any portion of a return, affidavit, claim, or other document, who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and who know that such portion (if so used) would result in an understatement of the liability for tax of another person.

17. Miller prepared and aided or assisted in the preparation and filing of federal income tax returns and other documents that resulted in the understatement of her customers' tax liabilities.

18. As a result Miller has engaged in conduct subject to penalty under 26 U.S.C. § 6701.

19. Miller has shown no remorse for her actions, and, as evidenced by correspondence with the IRS, and her document filed in opposition to the Motion for Preliminary Injunction (DE #11), continues to assert that her fraudulent tax returns and practices are correct.

20. Injunctive relief is appropriate to prevent the recurrence of Miller's penalty conduct.

21. Section 7402(a), I.R.C., authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available for enforcing those laws.

22. Miller substantially interferes with the enforcement of the internal revenue laws by promoting her "redemption" tax-fraud scheme and filing frivolous federal tax returns and other documents on behalf of her customers.

- 11 -

23. As a result of Miller's misconduct her customers fail to file proper tax returns, erroneous refunds for hundreds of thousands of dollars have been issued to her customers, and her customers are liable for substantial penalties, including penalties for 20 percent of the excessive refund claim pursuant to 26 U.S.C. § 6676, as a result of their fraudulent refund claims.

24. Miller's conduct results in irreparable harm to the United States and to the public for which there is no adequate remedy at law.

25. Miller's conduct interferes with the proper administration of the Internal Revenue Code because it results in hundreds of frivolous filings with the IRS that harass public officials and hinder the IRS's ability to determine the correct tax liabilities of Miller's customers.

26. Unless enjoined by this Court, Miller will continue to promote and administer her tax-fraud scheme.

27. The United States is entitled to injunctive relief under I.R.C. § 7402(a) to prevent the recurrence of this misconduct.

**Preliminary Injunction**

Based on the foregoing findings of fact and conclusions of law, the Court enters the following preliminary injunction against Miller:

A. Pursuant to 26 U.S.C. §§ 7402 and 7407, Miller is enjoined from acting as federal tax return preparer and from preparing or filing federal tax returns or forms for others, from representing others before the IRS, and from advising anyone concerning federal tax matters;

B. Pursuant to 26 U.S.C. §§ 7402 and 7407, Miller and her representatives, agents, servants, employees, attorneys, independent contractors, anyone in active concert or participation with them, are enjoined from directly or indirectly;

    (1) Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;

    (2) Engaging in activity subject to penalty under 26 U.S.C. §§ 6694 or 6695;

    (3) Engaging in any other activity subject to penalty under the Internal Revenue Code; and

    (4) Engaging in other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws;

C. Pursuant to 26 U.S.C. §§ 7402 and 7408, Miller and her representatives, agents, servants, employees, and anyone in active concert or participation with her, are enjoined from directly or indirectly by means of false, deceptive, or misleading commercial speech:

    (1) Organizing or selling tax shelters, plans or arrangements that advise or assist taxpayers to attempt to evade the assessment or collection of such taxpayers' correct federal tax;

    (2) Engaging in any other activity subject to penalty under 26 U.S.C. § 6700, including organizing or selling a plan or arrangement and making a statement regarding the excludability of income or securing of any other tax benefit by

participating in the plan that she knows or has reason to know is false or fraudulent as to any material matter;

(3) Engaging in any activity subject to penalty under 26 U.S.C. § 6701; and

(4) Directly or indirectly organizing, promoting, marketing, or selling any plan or arrangement that advises or encourages taxpayers to attempt to violate internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling, or advocating the use of false Forms 1099 or other forms based on the false claims that:

    i. Taxpayers have a secret account with the Treasury Department which they can use to pay their debts or which they can draw on for refunds through a process that is often called "redemption" or "commercial redemption";

    ii. Taxpayers can name the Secretary of the Treasury as their fiduciary and/or can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID, bonded promissory notes, sights drafts or other documents; and

    iii. Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Form 1099 as income taxes withheld on their behalf;

- 14 -

Case 3:09-cv-01030    Document 20    Filed 11/23/09    Page 14 of 16 PageID #: 280

D. Pursuant to 26 U.S.C. § 7402, Miller is enjoined from preparing her own federal income tax returns claiming false income tax withholding and refunds based on amounts shown in false Forms 1099 or other IRS forms;

E. Pursuant to 26 U.S.C. § 7402, Miller is enjoined from filing, providing forms for, or otherwise aiding and abetting the filing of frivolous Forms 1040 or Forms 1099 or other IRS forms for herself or others, including the notarization or signing of certificates of service or similar documents in connection with the frivolous tax returns;

F. Pursuant to 26 U.S.C. § 7402, Miller is hereby required to contact by mail (and also by e-mail, if an address is known) all persons who have purchased from Miller any products, services or advice associated with the false or fraudulent tax scheme described in this complaint in the past three years and inform those persons of the Court's findings concerning the falsity of Miller's prior representations and attach a copy of the permanent injunction against Miller; and

G. Pursuant to 26 U.S.C. § 7402, Miller shall provide to the United States a list of all persons who have purchased her products, services or advice in the past three years.

==REISSUED: November 23, 2009 at 3:30 p.m., to remain in effect until a final hearing in this cause.==

Dated: November __, 2009

_____
UNITED STATES DISTRICT JUDGE

- 15 -